IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES BONINI
CLERK
2010 MAR 29 P 2: 59
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| OSCAR VEGA,<br>47 Willow Way<br>Archbold, Ohio 43502<br><br>and<br><br>PEGGY VEGA,<br>47 Willow Way<br>Archbold, Ohio 43502<br><br>                       Plaintiffs,<br><br>  -vs-<br><br>CITY OF COLUMBUS,<br>90 West Broad Street<br>Columbus, Ohio 43215<br><br>and<br><br>KENNETH DECKER,<br>Individually and in His Official Capacity,<br>Columbus Police Department<br>120 Marconi Boulevard<br>Columbus, Ohio 43215<br><br>and<br><br>JOHN DOES 1 - 5,<br>Individually and in Their Official Capacity,<br>Columbus Police Department<br>120 Marconi Boulevard<br>Columbus, Ohio 43215<br>                      Defendants. | **2:10 cv 268**<br><br>CIVIL ACTION NO.<br><br>JUDGE   JUDGE SMITH<br><br>Honorable Magistrate MAGISTRATE JUDGE KING<br><br>Jury Demand Endorsed |

**COMPLAINT**

## PRELIMINARY STATEMENT

1. This is an action for compensatory and special damages, costs and attorney's fees, brought pursuant to the Civil Rights Acts, 42 U.S.C. §§1981, 1983 and 1988; the Judicial Code, 28 U.S.C. §1331 and 1343(3); the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; comparable provisions of the Ohio Constitution (art. I §§14; 16; 9 and 2), and this Court's pendent jurisdiction.

## JURISDICTION

2. Plaintiffs seek this Court's jurisdiction pursuant to Civil Rights Acts, 42 U.S.C. §§1981, 1983 and 1988; the Judicial Code, 28 U.S.C. §1331 and 1343(3); the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; comparable provision of the Ohio Constitution (art. I §§14; 16; 9 and 2) and this Court's pendent jurisdiction.

## PARTIES

3. At all times relevant to the Complaint herein, Plaintiffs Oscar Vega and/or Peggy Vega were of Hispanic origin, citizens of the United States, and residing in Archbold, Fulton County, Ohio.

4. At all times relevant to the Complaint herein, the City of Columbus was a municipality and a political subdivision of the State of Ohio, organized and incorporated under Chapter 707 of the Ohio Revised Code and is a person within the meaning of 42 U.S.C. §§1981, 1983 and 1988.

5. At all times relevant to the Complaint herein, Defendants Kenneth Decker, and John Does 1 - 5 [hereinafter Officers] were employed with the City of Columbus Division of Police. They are being sued individually and in their official capacity. Said Defendants were under the direct control and supervision of the City of Columbus, and acted in accordance with its policies, practices and

2

## PRELIMINARY STATEMENT

1. This is an action for compensatory and special damages, costs and attorney's fees, brought pursuant to the Civil Rights Acts, 42 U.S.C. §§1981, 1983 and 1988; the Judicial Code, 28 U.S.C. §1331 and 1343(3); the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; comparable provisions of the Ohio Constitution (art. I §§14; 16; 9 and 2), and this Court's pendent jurisdiction.

## JURISDICTION

2. Plaintiffs seek this Court's jurisdiction pursuant to Civil Rights Acts, 42 U.S.C. §§1981, 1983 and 1988; the Judicial Code, 28 U.S.C. §1331 and 1343(3); the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; comparable provision of the Ohio Constitution (art. I §§14; 16; 9 and 2) and this Court's pendent jurisdiction.

## PARTIES

3. At all times relevant to the Complaint herein, Plaintiffs Oscar Vega and/or Peggy Vega were of Hispanic origin, citizens of the United States, and residing in Archbold, Fulton County, Ohio.

4. At all times relevant to the Complaint herein, the City of Columbus was a municipality and a political subdivision of the State of Ohio, organized and incorporated under Chapter 707 of the Ohio Revised Code and is a person within the meaning of 42 U.S.C. §§1981, 1983 and 1988.

5. At all times relevant to the Complaint herein, Defendants Kenneth Decker, and John Does 1 - 5 [hereinafter Officers] were employed with the City of Columbus Division of Police. They are being sued individually and in their official capacity. Said Defendants were under the direct control and supervision of the City of Columbus, and acted in accordance with its policies, practices and

procedures.

6. All individual Defendants were, at all times material to this Complaint, acting under color of law.

7. All individual Defendants were, at all times material to this Complaint, acting manifestly within and/or outside the scope of their employment.

**VENUE**

8. All of the acts or omissions complained are alleged to have been committed in the City of Columbus, Franklin County, Ohio, and venue is properly vested in the Southern District of Ohio, Eastern Division.

**STATEMENT OF THE CASE**

**COUNT ONE**
(42 U.S.C. §§1981, 1983, 1988)

9. On or about March 29, 2009 Oscar Vega and Peggy Vega, while in the company of family and friends, were permissibly and lawfully in a parking garage located at Spruce and Vine Streets, Columbus, Ohio.

10. During this time Mr. and Mrs. Vega, along with other members of their party were confronted by an unknown female who was obviously intoxicated. She later entered her vehicle drove at Oscar Vega causing him to leap onto the hood of the vehicle to avoid serious injury.

11. Several calls were placed to 911 by members of the Vega party requesting the assistance of Columbus Police.

12. When Mr. Vega observed members of the Columbus Police Department on another level of the parking garage he approached one of them for assistance. This officer was later identified as Sgt. Kenneth Decker #5350, S16C.

13. For reasons that cannot be logically explained, Sgt. Decker chose to ignore Mr. Vega's request for assistance, instead he ignored him. When Mr.

Vega persisted Sgt. Decker ordered him to leave. As Mr. Vega began to walk away Sgt. Decker then ordered him to stop and then demanded that he produce his driver's license.

14. Mr. Vega complied although he protested the manner in which Sgt. Decker responded.

15. Then, suddenly and without cause or warning Sgt. Decker began to grab Mr. Vega subsequently tasing, striking, and handcuffing him.

16. John Does 1 - 5 [hereinafter Officers], also joined assisting Sgt. Decker in restraining Mr. Vega.

17. Despite repeated protests and inquires by Mr. Vega and other members of his party, neither Sgt. Decker nor the other Officers notified him that he was under arrest or the nature, or cause for the arrest.

18. Sgt. Decker and said Officers were verbally abusive to Mr. Vega.

19. Sgt. Decker and said Officers unreasonably and without legal or probable cause placed Mr. Vega at risk of serious physical harm and possible death.

20. Mr. Vega was arrested without legal or probable cause.

21. While arresting Oscar Vega, Sgt. Decker and/or said Officers maced and/or threatened to arrest Peggy Vega and other members of their party.

22. By virtue of the acts and omissions stated herein, said Sgt. Decker and said Officers recklessly, and without regard for the foreseeable consequence to Mr. Vega, inflicted upon each Plaintiff extreme emotional distress, trauma, and mental uncertainty.

23. By virtue of the acts and omissions stated herein, said Sgt. Decker and said Officers recklessly, and without regard for the foreseeable consequence to Peggy Vega, inflicted upon each Plaintiff extreme emotional distress, trauma, and mental uncertainty.

24. By virtue of the acts and omissions stated herein, said Sgt. Decker and said Officers recklessly, and without regard for the foreseeable consequence to Mr. Vega, failed to fulfill their duty to investigate the nature and substance of Mr. Vega's complaint.

25. Sgt. Decker and said Officers used excessive force in arresting Mr. Vega.

26. Oscar Vega was arrested and charged upon a criminal complaint with Disorderly Conduct, a violation of Columbus City Code §2317.11(A)(1). (*State of Ohio v. Oscar Vega*, Franklin County Municipal Court Case Number 2009 CRB-7307). He was also indicted for Felonious Assault, a violation of Ohio Revised Code §2903.13. (*State of Ohio v. Oscar Vega*, Franklin County Common Pleas Case Number 09CR-2103)

27. Criminal charges for disorderly conduct were later dismissed, the criminal charge for felonious assault remain pending.

28 Said Defendants, collectively and/or individually prosecuted the Plaintiff with malice and without probable cause.

29. The conduct to which the Plaintiffs were made subject was pursuant to, and consistent with the internal policies, practices, and procedures of the Columbus Division of Police, which conduct was known to and ratified by the City of Columbus which took no action to deter or prevent said Officers from continuing to engage in said conduct.

30. Notwithstanding its prior notice of the conduct of Sgt. Decker and said Officers, the City of Columbus failed to properly train, discipline, supervise or control said Defendants in the exercise of their authority as law enforcement officers.

31. As a direct and proximate cause of the acts or omissions of the Defendants, Plaintiffs have sustained serious, progressive, temporary and

permanent physical injuries; temporary and permanent anxiety and mental distress; injury to character and reputation; embarrassment, shame and humiliation. Plaintiffs were deprived of their right to be free from summary punishment; free from deprivation of liberty without due process of law; free from unreasonable stops, frisks, arrests, searches, and seizures; and free from public humiliation and embarrassment. Additionally, Plaintiffs were denied their rights to free association, free assembly, and due process of law. Plaintiffs also incurred a loss in income, the expense of bail, and attorney's fees.

32. The various acts or omissions of the Defendants violated Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights as guaranteed by the United States Constitution and similar provision of the Ohio Constitution, to due process of law, and their right to be free from unreasonable searches and seizures.

## COUNT TWO
(42 U.S.C. §1983 Conspiracy)

33. Plaintiffs incorporate by reference paragraphs 1 through 32 of this Complaint as if fully restated herein.

34. Defendants, and others presently unknown, reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate the constitutional rights of the Plaintiffs.

35. Each Defendant did reach this understanding, and agreement, and did engage in this course of conduct with the mutual purpose, objective, and knowledge that it would deprive Plaintiffs of their rights, privileges and immunities, as guaranteed by the Constitution and the laws of the United States.

36. Additionally, said conspiracy/joint action violated Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights, under color of law, in contravention of 42 U.S.C. §1983.

37. Acting in furtherance of this plan and conspiracy, some or all of the Defendants did commit overt acts, including, but not limited to the following: the unjustifiable assault and battery upon the Plaintiffs; the attempt to conceal their wrongdoing by the prosecution of criminal charges; and the arrest, and incarceration of the Plaintiffs. This course of conduct by the Defendants was done willfully, maliciously, intentionally, and with reckless disregard and gross negligence, and directly and proximately caused injury and losses to Plaintiffs.

## COUNT THREE
(Pendent Tort Claims)

38. Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as if fully restated herein.

39. The acts and omissions described herein constitute assault and battery, false imprisonment, false arrest, abuse of process, malicious prosecution, negligent affliction of emotional distress, and intentional infliction of emotional distress under the laws of the State of Ohio, over which this Court has pendent jurisdiction.

## COUNT FOUR
(Loss of Consortium - Peggy Vega)

40. Plaintiffs incorporate paragraphs 1 - 39 of their Complaint as if the same is fully rewritten herein.

41. At all times relevant to the Complaint herein Peggy Vega was the spouse of Oscar Vega.

42. As a direct and proximate result of the tortuous conduct of the Defendant and the resultant injuries and impairments sustained by the Plaintiff Oscar Vega, Plaintiff Peggy Vega has sustained the loss of society, services and consortium of the Plaintiff Oscar Vega.

## COUNT FIVE
(Loss of Consortium - Oscar Vega)

43. Plaintiffs incorporate paragraphs 1 - 42 of their Complaint as if the same is fully rewritten herein.

44. At all times relevant to the Complaint herein Oscar Vega was the spouse of Peggy Vega.

45. As a direct and proximate result of the tortuous conduct of the Defendant and the resultant injuries and impairments sustained by the Plaintiff Peggy Vega, Plaintiff Oscar Vega has sustained the loss of society, services and consortium of the Plaintiff Peggy Vega.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, in the amount of One Million Dollars ($1,000,000.00) in compensatory damages; One Million Dollars ($1,000,000.00) in punitive damages; attorney's fees; the costs of this action; and such other relief that this Court deems just and equitable.

Respectfully submitted,

FREDERICK D. BENTON, JR.
A Legal Professional Association

/s/ Frederick D. Benton, Jr.
Frederick D. Benton, Jr.
Ohio Supreme Court #0022800
Trial Counsel for Plaintiffs
786 South Front Street, Suite 204
Columbus, Ohio 43206
(614) 445-3962
fdbenton@columbus.rr.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues of law and fact.

        Respectfully submitted,

        FREDERICK D. BENTON, JR.
        A Legal Professional Association

        /s/ Frederick D. Benton, Jr.
        Frederick D. Benton, Jr.
        Ohio Supreme Court #0022800
        Trial Counsel for Plaintiffs
        786 South Front Street, Suite 204
        Columbus, Ohio 43206
        (614) 445-3962
        fdbenton@columbus.rr.com